Mr. Justice Thacher
delivered the opinion of the court.
This suit was instituted by the plaintiff below, under the act of Feb. 28, 1842, entitled an act to authorize citizens of this state to prosecute or defend their suits without the aid of an attorney. Hutch. Dig. 854. The statute authorizes any person, being the bond fide owner of a promissory note, &c., “ without the trouble and expense of employing a lawyer,” to file such note Avith the clerk of the circuit court of the proper county, which shall be taken and deemed as a declaration in said suit.
In accordance with the statute above referred to, the plaintiff below filed his promissory note with the clerk of the circuit court of Itawamba county, and a summons issued and was served upon the makers of the note. There were no pleadings filed upon either side, but a jury came, and verdict and judgment were rendered for the plaintiff. A bill of exceptions appears in the records to the overruling of a motion for a new trial, founded upon the allegation that the verdict was contrary to the law and the evidence, and because it was found in the absence of all evidence.
The only evidence adduced upon the trial was the promissory note upon which the action was founded, which was payable upon the 1st day of March, 1846. The record shows that the note was filed with the clerk of the circuit court upon the 4th *455 day of March, 1846, and that the summons emanating thereon according to the statute, was issued and served the same day.
By the act of June 25, 1822, H. & H. 373, sec. 12, promissory notes are made negotiable, and consequently are allowed three days of grace. Fleming et al. v. Fulton, 6 How. 473; Barlow et al. v. The Planters' Bank, 7 Ib. 129. The promissory note therefore, upon which this action was founded, although upon its face payable on the 1st, was not by law due until the 4th day of March. It was not payable at any particular place, but generally on that day, and the makers had until the expiration of the 4th to pay the note. The 4th day of March, 1846, fell upon Wednesday.
A right of action did not accrue to the holder of the note until after the expiration of the days of grace, the maturity of the note. Love v. Nelson, Mart. & Yerg. 237.
The judgment of the circuit court was erroneous. The motion for a new trial should have been sustained.
It is not the province of this court to point out to parties their proper mode of proceeding, but on account of the present peculiar attitude of this case, we would recommend to the plaintiff below to take sound legal advice in regard to his future steps in prosecuting his rights.
Judgment reversed and new trial awarded.